# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ETHAN BOOK, JR., :
    Plaintiff, :
     :
    v. : Civil No. 3:07cv1367 (PCD)
     :
FLEMMING NORCOTT, JR., et al., :
    Defendants. :

### RULING ON MOTION TO DISMISS AND MOTION FOR RECONSIDERATION

On January 11, 2008, the Defendants, Connecticut Supreme Court Justices Flemming L. Norcott, Jr., Joette Katz, Richard N. Palmer, Christine S. Vertefeuille and Peter T. Zarella, moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the above captioned action in its entirety on the following grounds: (1) the Rooker-Feldman doctrine deprives this Court of subject matter jurisdiction; (2) the doctrines of comity and federalism bar an ongoing federal audit of internal state court procedure; and (3) the Plaintiff cannot obtain prospective relief from state officials by bringing a lawsuit against the state officials in their individual capacities. The Motion to Dismiss [Doc. No. 16] is hereby **GRANTED.**

The date for responses to the Motion to Dismiss was initially set as February 1, 2008. On January 25, 2008, Plaintiff timely filed a Motion for Thirty Days Extension of Time to respond [Doc. No. 17], which was granted on January 28, 2008, establishing a new response deadline of March 1, 2008. [Doc. No. 18.] After the expiration of the March 1 deadline, Plaintiff filed another Motion for Extension of Time on March 3, 2008, seeking forty-five more days to respond.[1] [Doc. No. 19.] On March 4, 2008, Plaintiff's Motion was granted in part,

---

[1] Plaintiff notes that he dated this motion February 29, 2008, suggesting that it was therefore timely, but the filing stamp indicates that it was filed on March 3, 2008, and it is the date of filing that is controlling.

notwithstanding its late filing, and a new response deadline of March 24, 2008 was set. [Doc. No. 20.] On March 25, 2008, again after the expiration of the applicable deadline, Plaintiff moved for Leave to File a Late Response, seeking two more weeks in which to respond. [Doc. No. 21.] While noting that this was Plaintiff's second delinquent motion, the Court nonetheless granted the motion in part on March 26, 2008, setting a new response deadline of March 31, 2008. [Doc. No. 22.] On March 27, 2008, Plaintiff moved for Reconsideration of the Court's order setting the March 31, 2008 deadline, again seeking additional time to respond to the motion to dismiss. [Doc. No. 23.]

In support of his motion for reconsideration, Plaintiff makes several arguments. First, he notes that his Motion for Leave to File a Late Response was unopposed. However, his motion does not indicate that Defendants consented to the motion. Instead, it states that Plaintiff attempted to contact opposing counsel regarding the request but that opposing counsel was not available. Thus, his motion was unopposed only in the sense that Defendants did not file an opposition to it in the one day before the Court ruled. Second, he states that he has been unable thus far to prepare a response to the motion to dismiss because his time has been consumed with matters relating to other lawsuits in which he is involved. As the Court has previously indicated, Plaintiff's involvement in other lawsuits does not excuse him from responding in a reasonably timely manner to a Motion to Dismiss that has now been pending for nearly three months, and for which Plaintiff has already received three extensions of time, two of which were granted after the expiration of the existing deadline. Even taking into account Plaintiff's *pro se* status, Plaintiff has been unduly casual in failing to adhere to Court-established deadlines in this case. Such deadlines are not merely advisory.

Finally, Plaintiff argues that his Motion for Leave to File a Late Response was necessitated because he did not learn of the Court's March 4 ruling setting the March 24 deadline until March 25, when he called the Clerk's office to inquire about the status of his March 3 motion for extension of time. Plaintiff states that the Clerk's office told him that it had sent the ruling to him by mail, but Plaintiff claims that he never received it. Plaintiff states that this was the second time he failed to receive notice of a ruling, and intimates that the Clerk's office intentionally elected not to send him the ruling, in order to prejudice his case. Doc. No. 21 at FN 1. ("It appears that personal circumstances by which E. Book has not received some court notices in this matter are directly related to and are consequences of issues for which this lawsuit was presented.") See Pl.'s Compl. at ¶ 32, alleging that "the failure for [Plaintiff's] receipt of the Appellate Court notice was intentional error on the part of an official or employee of the Appellate Court or on the part of an official or employee of the federal postal service." In that situation, Plaintiff sought leave to file a late petition for certification on the basis that he had not been sent notice by the Appellate Court, and the Connecticut Supreme Court denied his motion for leave to file a late petition, giving rise to Count One of the instant Complaint.

Plaintiff's Motion for Reconsideration [Doc. No. 23] is **granted**. However, upon reconsideration, the Court adheres to its prior ruling, which granted in part Plaintiff's Motion to File a Late Response, but required that he do so by March 31, 2008, affording him a final opportunity to comply with the deadline. Plaintiff did not file his late response to the Motion to Dismiss until April 1, 2008. [Doc. No. 24.] Given Plaintiff's repeated failures to adhere to deadlines, and given that the March 31, 2008 deadline passed without Plaintiff's filing a response to the Motion to Dismiss, it would be appropriate to grant the Motion to Dismiss absent timely

objection.  See D. Conn. L. Civ. R. 7(a)(1) ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion.")

Notwithstanding the late filing, however, the Court has reviewed Plaintiff's Opposition to the Motion to Dismiss and considered the arguments therein, and found them to be without merit. Therefore, Defendants' Motion to Dismiss [Doc. No. 16] is GRANTED.  The Clerk shall close the case.

SO ORDERED.

Dated at New Haven, Connecticut, April  3 , 2008.

/s/
Peter C. Dorsey, United States District Judge
District of Connecticut